# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SILESH KUMAR SIDOO,**

    **Petitioner,**

    **v.**                                     **CIVIL ACTION NO. 1:04CV221**
                                                          **(Judge Broadwater)**

**K.J. WENDT, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. PROCEDURAL HISTORY

On October 13, 2004, the *pro se* petitioner, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241 seeking to have this Court vacate his sentence. This matter is pending before me for Report and Recommendation pursuant to LR PL P 83.09.

### II. FACTS

The petitioner pled guilty in the United States District Court for the Middle District of North Carolina of possession with the intent to distribute in excess of 50 grams or more of cocaine base, and conspiracy to distribute cocaine base. On November 25, 1996, he was sentenced to 262 months imprisonment. At the time of filing the petition, the petitioner was serving his sentence at FCI-Gilmer, Glenville, West Virginia, in the Northern District of West Virginia. He has since been transferred to FCI-Bennettsville, Bennettsville, South Carolina.

The petitioner filed an unsuccessful direct appeal and §2255 motion. Now the petitioner seeks relief in this Court from his sentence. The petitioner asserts that the sentencing court erred in enhancing his sentence for a youthful offender offense committed in the State of New York

because the offense had been expunged from his record. He further asserts that the use of the youthful offender offense violates Blakely v. Washington, ___ U.S. ___ , 124 U.S. 2531 (2004).

### III. ANALYSIS

Any petition filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence).

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when 28 U.S.C. §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the court concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

It is unclear why the petitioner believes that he can challenge his sentence via a §2241 petition. Further, there is nothing in his petition which establishes that he meets the Jones requirements. Even the Blakely decision does not afford the petitioner relief under §2241 because

it is a rule of constitutional law, and thus, the petitioner can not meet the third prong of Jones, supra.

Because the petitioner is challenging the validity of his sentence, and §2255 is not an inadequate remedy, his claims should be brought in a §2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001). Consequently, the petitioner has improperly filed a §2241 petition and his petition should be dismissed.

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition be DENIED and DISMISSED WITH PREJUDICE.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: June 29, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

3